**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSHUA WILLIAM BACHARACH,

Petitioner,

v.

WILLIAM REUBART, et al.,

Respondents.

Case No. 3:22-cv-00122-ART-CSD

**ORDER**

*Pro se* Petitioner Joshua William Bacharach has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Bacharach's motion for appointment of counsel. For the reasons discussed below, the court directs service of the Petition and grants Bacharach's motion.

**I.   BACKGROUND**

Bacharach challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Joshua Bacharach*, Case No. C-14-299425-1.[1] On January 8, 2016, the state court entered a judgment of conviction, pursuant to a jury trial, for attempted murder with the use of a deadly weapon, four counts of discharging a firearm from or

---

[1] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

within a structure or vehicle, four counts of assault with a deadly weapon, stop required on signal of police officer, resisting public officer with the use of a firearm, possession of a firearm with an altered or obliterated serial number, and three counts of possession of a firearm by an ex-felon. In total, Bacharach was sentenced to 59.9 to 151 years in prison. Bacharach appealed, and the Nevada Court of Appeals affirmed on October 19, 2016. Remittitur issued on November 15, 2016.

On November 8, 2017, Bacharach filed a state petition for writ of habeas corpus. The state court denied post-conviction relief on May 5, 2021. Bacharach filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on February 3, 2022. Remittitur issued on February 28, 2022.

On March 6, 2022, Bacharach initiated this federal habeas corpus proceeding.[2] (ECF No. 1-1.) The court instructed Bacharach to resolve the filing fee, and he timely complied. (ECF Nos. 3, 5.)

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d

---

[2] On initial review, the court notes, without deciding, that it appears the AEDPA statute of limitations expires on or around May 11, 2022.

490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This court now turns to Bacharach's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the court will provisionally appoint the Federal Public Defender to represent Bacharach. The court finds that appointment of counsel is in the interests of justice given, among other things, Bacharach's lengthy aggregate sentence.

### III. CONCLUSION

It is therefore ordered that the clerk file the Petition (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2).

It is further ordered that the clerk add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, electronically serve respondents' counsel a copy of the Petition, electronically provide respondents' counsel a copy of this order, and electronically provide respondents' counsel copies of all items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted.

It is further ordered that the clerk shall electronically serve the Federal Public Defender a copy of this order and the Petition (ECF No. 1-1). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Bacharach by filing a notice of appearance or (2) indicate the office's inability to represent Bacharach in these proceedings. If the Federal Public Defender is unable to represent Bacharach, the court will appoint alternate counsel. Appointed counsel will represent Bacharach in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time

period established. Bacharach remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk is directed to send a copy of this order to Bacharach and the CJA Coordinator for this division.

Dated: THIS 5th Day of May, 2022

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE