# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA WILLIAM BACHARACH,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM REUBART, et al.,<br><br>Respondents. | Case No. 3:22-cv-00122-ART-CSD<br><br>**ORDER** |

Petitioner Joshua William Bacharach has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 7.) This Court granted Bacharach's motion for appointment of counsel and provisionally appointed the Federal Public Defender. (ECF No. 6 at 4.) The Federal Public Defender has filed a notice of appearance, motion for leave to file a first amended protective petition, and a motion for scheduling order. (ECF Nos. 9, 10, 11.) The Court finds good cause to grant the motions.

It is ordered that the Federal Public Defender, through Ron Y. Sung, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that the motion for leave to file a first amended protective petition (ECF No. 10) is granted.

It is further ordered that the Clerk of the Court is directed to file petitioner's first amended protective petition (ECF No. 10-1.)

It is further ordered that the motion for a scheduling order (ECF No. 11) is granted. Petitioner shall have until up to and including ninety (90) days from entry of this order within which to file a second amended petition and/or seek other appropriate

relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that respondents shall file a response to the second amended petition, including potentially by motion to dismiss, within sixty (60) days of service of the second amended petition and that petitioner may file a reply thereto within thirty (30) days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by respondents to the second amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall

do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

It is further ordered that the hard copy of any exhibits filed by either counsel shall be delivered–for this case–to the Reno Clerk's Office. Courtesy copies of exhibits shall <u>not</u> be provided.

It is so ordered.

Dated: This 2nd Day of June 2022

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE