UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA BACHARACH,<br><br>                    Petitioner,<br>      v.<br><br>WILLIAM REUBART, et al.,<br><br>                    Respondents. | Case No. 3:22-cv-00122-ART-CSD<br><br>ORDER DENYING<br>MOTION TO DISMISS |

On March 21, 2023, counseled Petitioner Joshua Bacharach filed his second-amended § 2254 petition. (ECF No. 26 ("Petition").) This matter comes before the Court on Respondents' motion to dismiss. (ECF No. 29 ("Motion").) Bacharach opposed the Motion, and Respondents replied. (ECF Nos. 38, 46.) For the reasons stated below, the Court denies the Motion.

**I.    BACKGROUND**

The Nevada Court of Appeals described the crime, as revealed by the evidence at Bacharach's trial, as follows:

> Bacharach shot out of his vehicle's window when an officer initiated a traffic stop and Bacharach then drove his vehicle away from the officer until it crashed. Bacharach then exited his vehicle, fired shots at the officer, and then absconded on foot. Bacharach then placed his bullet-proof vest and firearm under a vehicle and hid in a resident's backyard until a police dog bit him, permitting officers to arrest him.

(ECF No. 31-3 at 2–3.) A jury found Bacharach guilty of attempted murder with the use of a deadly weapon, four counts of discharging a firearm from or within a structure or vehicle, four counts of assault with a deadly weapon, failing to stop on the signal of a police officer, resisting public officer with the use of a firearm, possession of a firearm with an altered or obliterated serial number, and three counts of possession of a firearm by an ex-felon. (ECF No. 30-40.) Bacharach was sentenced to an aggregate term of 747 to 1,884 months (62 to 157 years) in

1

prison. (*Id.* at 4.) Bacharach's judgment of conviction was entered on January 8, 2016. (*Id.*) Bacharach appealed, and the Nevada Court of Appeals affirmed his judgment of conviction on October 19, 2016. (ECF No. 31-3.) Remittitur issued on November 15, 2016. (ECF No. 31-4.)

Bacharach filed his *pro se* state post-conviction habeas petition on November 8, 2017, and his counseled supplemental petition on February 24, 2020. (ECF Nos. 31-6, 31-19.) The state court denied Bacharach post-conviction relief on May 5, 2021. (ECF No. 31-23.) Bacharach appealed, and the Nevada Court of Appeals affirmed on February 3, 2022. (ECF No. 31-42.) Remittitur issued on February 28, 2022. (ECF No. 31-43.)

In his Petition, Bacharach presents the following grounds for relief:

1. The trial court erred by not granting a mistrial after the State's witness introduced testimony that she spoke with the gang unit.
2a. His trial counsel failed to object to the trial court's threat.
2b. His trial counsel failed to object to improper expert testimony.
2c. His trial counsel failed to object to the State's improper argument redefining reasonable doubt.
2d. His trial counsel failed to impeach witnesses who provided conflicting statements at trial.

(ECF No. 26.)

### III. DISCUSSION

Respondents argue that ground 1 is not cognizable and ground 2d is unexhausted, procedurally defaulted, and lacks a developed factual basis. (ECF No. 29.)

**A.  Ground 1 is cognizable**

In ground 1, Bacharach argues that the trial court erred by not granting a mistrial after a witness introduced testimony that she spoke with the gang unit. (ECF No. 26 at 5.) Respondents argue that ground 1 is not cognizable because it involves a matter of discretion by the trial court. (ECF No. 29 at 4.)

AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir.

2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

While ground 1 challenges the trial court's discretionary ruling on whether to grant a mistrial, the trial court's ruling in this regard also implicated Bacharach's federal due process rights. *See McGuire*, 502 U.S. at 67–68. As such, because Bacharach has sufficiently plead a federal due process violation, ground 1 is cognizable.

**B.     Ground 2d is exhausted, not defaulted, and factually developed**

In ground 2d, Bacharach argues that his trial counsel failed to impeach witnesses who provided conflicting statements at trial. (ECF No. 26 at 14.) Specifically, Bacharach argues that his trial counsel failed to impeach the three neighborhood witnesses who identified him as the shooter because they "could barely see the shooter at the time of the shootings" and told police that the shooter was wearing a different colored shirt than the one Bacharach was wearing when he was taken into custody. (*Id.* at 15.) Respondents contend that ground 2d is unexhausted, is procedurally defaulted, and lacks a developed factual basis. (ECF No. 29 at 7–9.) Bacharach contends that ground 2d is exhausted—and thus not procedurally defaulted—because he raised it in his *pro se* state post-conviction habeas petition and his post-conviction counsel raised it in his opening brief to the Nevada appellate courts. (ECF No. 38 at 4.)

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir.

2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

In ground 3 of his *pro se* state post-conviction habeas petition, Bacharach argued the following:

> [Defense counsel] fail[ed] to suppress or impeach witness[es] that had conflicting statements at the trial. All 3 witness[es] were asked if they had seen the shooter or person who shot the gun. All under oath said that they could not see the shooter[']s face [because]it was dark and that they were to[o] far but when asked by the prosecutor to point out the shooter they pointed at the defendant. All 3 witness statements should have been thrown out and if they were the jury would have found the defendant innocent because there would not have been any positive identification.

(ECF No. 31-6 at 10.) And in his counseled opening brief to the Nevada appellate courts, Bacharach included the following issue:

> In his pro per petition, Mr. Bacharach contended that his rights were violated under the Fourth, Fifth, Sixth, Fourteenth, and Eighth Amendments to the United States Constitution because Trial Counsel was ineffective for failing to impeach witnesses with available evidence of conflicting statements. Therefore, Mr. Bacharach was prejudiced, and the conviction must be reversed.

(ECF No. 31-34 at 45–46.)

1      Based on this record, Bacharach presented the substance of ground 2d of
2 his federal Petition to the state district court and state appellate courts. *See*
3 *Picard*, 404 U.S. at 278. Indeed, Respondents argument in this regard appears to
4 amount to mere semantics. Respondents state that "Bacharach now claims trial
5 counsel was ineffective for not asking a specific question of a given witness,"
6 explaining that failing to ask a question differs from failing to impeach. (ECF No.
7 46 at 4.) However, the factual and legal basis of the claim has remained the same:
8 Bacharach's trial counsel acted deficiently regarding the cross-examination of the
9 three neighborhood witnesses who identified him as the shooter which resulted
10 in prejudice because further cross-examination would have shown that he was
11 an innocent suspect who was wrongly identified. Accordingly, because
12 Bacharach's federal claim does not depart from the state claim, ground 2d is
13 exhausted. And because the Nevada Court of Appeals addressed the merits of
14 this claim, it is not procedurally defaulted.[1] Finally, the factual basis for ground

---

[1] The Nevada Court of Appeals denied this claim as follows:

> Bacharach argued his trial counsel was ineffective for failing to impeach witnesses' testimonies with their inconsistent statements. Bacharach appeared to assert that counsel should have questioned witnesses in a different manner concerning their identifications of him as the perpetrator of the offenses. Bacharach did not identify a particular witness that should have been questioned concerning inconsistent statements. Thus, Bacharach did not support this claim with specific factual allegations. Moreover, the record demonstrates that counsel questioned multiple witnesses concerning their versions of events and challenged their abilities to perceive the events or identify Bacharach as the perpetrator of the offenses. Accordingly, Bacharach did not demonstrate that counsel's performance fell below an objective standard of reasonableness. Bacharach also did not demonstrate a reasonable probability of a different outcome had counsel further questioned witnesses concerning their identification testimonies or prior statements. Therefore, we conclude the district court did not err by denying this claim without first conducting an evidentiary hearing.

(ECF No. 31-42 at 6.)

2d is sufficiently developed from the trial transcript. Although further development of an ineffective-assistance-of-trial-counsel claim during a state post-conviction evidentiary hearing is preferred, it is not necessary under these circumstances.

## V. CONCLUSION

It is therefore ordered that Respondents' Motion (ECF No. 29) is denied.

It is further ordered that Respondents have 60 days from the date of this order to file their answer to Bacharach's Petition. Bacharach will have 60 days following receipt of the answer to file his reply.

DATED THIS 7th day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE